Susan E. Farley, Esq.
Brett M. Hutton, Esq.
Alana M. Fuierer, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203-5160
Telephone: (518) 452-5600
Facsimile: (518) 452-5579

**Attorneys for Plaintiff, Schonbek Worldwide Lighting Inc.**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCHONBEK WORLDWIDE LIGHTING INC.<br><br>Plaintiff,<br>-vs-<br><br>LOWE'S COMPANIES, INC. and<br>LOWE'S HOME CENTERS, INC.,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br>Civil Action No.: 8:10-CV-1377<br>(GTS/DRH) |

# COMPLAINT

Plaintiff, SCHONBEK WORLDWIDE LIGHTING INC. ("SCHONBEK") by and through its undersigned attorneys, alleges:

## THE PARTIES

1.      Plaintiff, SCHONBEK, is a corporation organized under the laws of the State of New York having its principal place of business at 61 Industrial Boulevard, Plattsburgh, New York 12901-1908.

2.      Upon investigation and information, Defendant Lowe's Companies, Inc. (LCI) is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117, and is doing business in this State and District.

3. Upon investigation and information, Defendant Lowe's Home Centers, Inc. (LHC) is a corporation organized and existing under the laws of the State of North Carolina, having offices at 1605 Curtis Bridge Road, North Wilkesboro, North Carolina 28697, and is doing business in this State and District. LHC is a wholly owned subsidiary of LCI. LHC owns and operates home improvement warehouses known as "Lowe's Home Improvement" warehouses in this State and District that sell products that infringe Plaintiff's intellectual property asserted in this Complaint.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement arising under the copyright laws of the United States as set forth in Title 17 of the United States Code Section 501, *et seq*.

5. This is also an action for false advertising, unfair competition and false designation of origin as set forth in Title 17 of the United States Code Section 501, *et seq*. under the Lanham Act, 15 U.S.C. §1051, *et seq*.; and related claims for unfair and deceptive trade practices and unfair competition under New York State statutory and common law.

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1332, and 1338(a) and 15 U.S.C. §§1116 and with respect to certain claims, 28 U.S.C. §1367.

7. Venue is proper in the Northern District of New York under 28 U.S.C. §§1391(b), (c), and 1400(a).

8. This Court has personal jurisdiction over defendants LHC and LCI as a result of sale of infringing products in this State and District and because the defendants are doing business in this State and District.

## BACKGROUND

9. Plaintiff, SCHNOBEK, designs and sells lighting fixtures.

10. SCHONBEK is one of the world's largest manufacturers of high quality crystal chandeliers and lighting fixtures.

11. SCHONBEK's lighting fixtures are renown throughout the world for their unique and beautiful designs.

### *SCHONBEK's Copyrights*

#### *(1) U.S. Copyright Registration No. VA 1-370-816*

12. On May 3, 2006, U.S. Copyright Registration No. VA 1-370-816 ("the '816 registration") registered to SCHONBEK for an ornamental sculptural design entitled "Bagatelle". A true and correct copy of the '816 registration is attached hereto and incorporated herein as **Exhibit "A"**.

13. SCHONBEK sells a lighting fixture incorporating the ornamental sculptural design protected by the '816 registration under the designation "Bagatelle."

#### *(2) U.S. Copyright Registration No. TX 6-393-539*

14. On May 3, 2006, U.S. Copyright Registration No. TX 6-393-539 ("the '539 registration") registered to SCHONBEK for a work entitled "Bagatelle Supplement (2005)." A true and correct copy of Schonbek's Copyright Registration is attached hereto and incorporated herein as **Exhibit "B"**. A true and correct copy of Schonbek's "Bagatelle Supplement (2005)" is attached hereto and incorporated herein as **Exhibit "C"**.

15. SCHONBEK uses the copyrighted "Bagatelle Supplement (2005)", and the images contained therein, to advertise, promote, offer for sale, market and sell its "Bagatelle" lighting fixtures.

#### *(3) U.S. Copyright Registration No. TX 6-817-161*

16. On December 20, 2007, U.S. Copyright Registration No. TX 6-817-161 ("the '161 registration") registered to SCHONBEK for a textual work entitled "Trim Diagrams for Bagatelle Nos. 1239-1241." A true and correct copy of SCHONBEK's Copyright Registration is attached hereto and incorporated herein as **Exhibit "D"**. A true and correct copy of SCHONBEK's "Trim Diagrams for Bagatelle Nos. 1239-1241" is attached hereto and incorporated herein as **Exhibit "E"**.

17. SCHONBEK uses the copyrighted "Trim Diagrams for Bagatelle Nos. 1239-1241 to advertise, promote, offer for sale, market and sell its "Bagatelle" lighting fixtures.

*(3)* **Definition of the "SCHONBEK Copyrights"**

18. Hereinafter, the '816, '539 and ''161 registrations are collectively referred to as the "SCHONBEK Copyrights".

*Defendants' Infringing Activities*

19. Upon investigation and information, Defendants LCI and LHC market, offer for sale and sell lighting fixtures in New York that incoporate unauthorized copies of SCHONBEK's copyrighted designs.

20. Upon investigation and information, Defendants market, offer for sale and sell a lighting fixture entitled "Portfolio Mini Crystal Dumpling Pendant" (hereinafter, "Portfolio Pendant") and identified as Item #263587 that incorporate an unauthorized copy of SCHONBEK's copyrighted Bagatelle design. A true and correct copy of a photograph of Defendants' Profile Pendant is attached hereto as **Exhibit "F".**

21. Defendants are not currently, nor have they ever been authorized dealers for Schonbek lighting fixtures.

22. Defendants are not, nor have they ever been, associated, affiliated or connected with, endorsed or approved by Schonbek.

23. Upon investigation and information, Defendant LHC is located in this state and judicial district and both defendants have transacted and continue to transact business in, and regularly have solicited and regularly continue to solicit business in this state and judicial district.

24. Upon investigation and information Defendants advertise and sell their services and products in interstate commerce, including via the Internet from a website registered to and administered by Defendants, located at http://www.lowes.com/.

25. Defendants' website, accessed on November 11, 2010, has offered and continues to offer the Portfolio Pendant for sale. A true and correct copy of that webpage is attached hereto as **Exhibit "G".**

26. The image found on this webpage, and used by Lowes to market, sell and/or promote its Portfolio Pendant is an unauthorized copy of SCHONBEK's copyrighted work.

27. Neither SCHONBEK, nor anyone authorized by SCHONBEK, has at any time licensed Defendants to reproduce, advertise, distribute, sell, exhibit or otherwise display the copyrighted work.

28. Upon information and belief, Defendants also sell the infringing Portfolio Pendant at its retail stores all over the country, including in its stores in Plattsburgh, New York, within this District. A true and correct copy of a Portfolio Pendant purchased at Defendants' store located in Plattsburgh, New York, can be seen at **Exhibit "F"**.

29. Upon information and belief, Defendants' Portfolio Pendant includes a Portfolio Mini Pendant Instructions insert (hereinafter, "Instruction Insert") within the packaging for the product. A true and correct copy of the Defendants' Instruction Insert is attached hereto as **Exhibit "H".**

30. The diagrams or images found in this insert, and used by Defendants to market, sell and/or promote its product, is an unauthorized copy of SCHONBEK's copyrighted work.

31. Neither SCHONBEK, nor anyone authorized by SCHONBEK, has at any time licensed Defendants to reproduce, advertise, distribute, sell, exhibit or otherwise display the copyright work.

32. Defendants have used SCHONBEK's copyrighted images, diagrams and other works to advertise, promote and/or offer for sale products that infringe SCHONBEK's copyrighted designs.

33. Defendants have used SCHONBEK's copyrighted images, diagrams and other works to advertise, promote and/or offer for sale their own products.

34. The use by Defendants of the SCHONBEK's images and diagrams or copies thereof on their website and Instructions Inserts is likely to cause consumers, the public and the trade to believe erroneously that the goods sold by them emanate or originate from SCHONBEK, or that said items are authorized, sponsored, or approved by SCHONBEK, even though they are not.

35. By using infringements of the SCHONBEK Copyrights on or in connection with their goods, Defendants are trading on the goodwill and reputation of SCHONBEK and creating the false impression that their goods are SCHONBEK's legitimate products.

36. The acts of Defendants are likely to confuse and to deceive the public and are performed with full knowledge of SCHONBEK's rights.

37. Upon investigation and information, Defendants have imported, offered for sale and/or sold and continue to import, market and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are or include unauthorized copies of the designs, drawings and images that are subject of the SCHONBEK Copyrights.

38. Defendants have been unjustly enriched by illegally using and misappropriating SCHONBEK's intellectual property for Defendants' own financial gain.

39. Upon investigation and information, Defendants derive substantial revenue from goods used or consumed in the State of New York and in the Southern District of New York.

40. Upon investigation and information, Defendants derive substantial revenue from interstate commerce.

41. Defendants' conduct causes damage to SCHONBEK in New York and in the Southern District of New York.

42. SCHONBEK has no adequate remedy at law.

43. Defendants' wrongful acts will continue unless enjoined by the Court.

**FIRST CAUSE OF ACTION**
**INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION VA 1-370-816**

44. Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 43 above, and incorporates them herein by reference.

45. Defendants LHC and LCI have infringed the '816 registration by, at least, offering for sale and/or selling lighting fixtures under the designation Portfolio Mini Crystal Dumpling Pendant, including Item #263587, as shown in **Exhibit "F",** which incorporate the 3-dimensional sculpture covered by the '816 registration in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

46. As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

47. Defendants' infringement of the '816 registration has been knowing and willful.

48. Defendants' infringement of the '816 registration has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

49. Unless enjoined by this court, Defendants will continue to infringe SCHONBEK's copyright rights causing irreparable injury.

**SECOND CAUSE OF ACTION**
**INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION TX 6-393-539**

50. Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 49 above, and incorporates them herein by reference.

51. Defendants LHC and LCI have infringed the '539 registration by, at least, copying, reproducing, displaying, using, distributing, and exhibiting an image, shown in **Exhibit "G",** which incorporates the copyrighted work or derivative thereof of the '539 registration in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

52. As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

53. Defendants' infringement of the '539 registration has been knowing and willful.

54. Defendants' infringement of the '539 registration has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

55. Unless enjoined by this court, Defendants will continue to infringe SCHONBEK's copyright rights causing irreparable injury.

**THIRD CAUSE OF ACTION**
**INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION TX 6-817-161**

56. Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 55 above, and incorporates them herein by reference.

57. Defendants LHC and LCI have infringed the '161 registration by, at least, copying, reproducing, displaying, using, distributing, and exhibiting a diagram or image, shown in **Exhibit "H",** which incorporates the copyrighted work or derivative thereof of the '161 registration in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

58. As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

59. Defendants' infringement of the '161 registration has been knowing and willful.

60. Defendants' infringement of the '161 registration has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

61. Unless enjoined by this court, Defendants will continue to infringe SCHONBEK's copyright rights causing irreparable injury.

## FOURTH CAUSE OF ACTION
## FALSE ADVERTISING UNDER THE LANHAM ACT

62. Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 61 above, and incorporates them herein by reference.

63. Defendants' advertising and solicitations contain intentional and willful false or misleading descriptions or representations of fact regarding its Portfolio Pendant. Defendants' advertising contains at least one false or misleading description or representation of fact in that it uses an image of SCHONBEK's Bagatelle fixture on its website to sell and offer for sale SCHONBEK's Bagatelle fixture, when such is not the case.

64. Defendants' use of the SCHONBEK image misrepresents the nature, characteristics, and/or qualities of the Portfolio Pendant it is offering for sale and selling.

65. Defendants' activities constitute the use in commerce of any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, false or misleading representation of fact in connection with goods or services, which in commercial advertising promotes or misrepresents the nature, characteristics, qualities or geographic origin of it's or another person's goods, services or commercial activities, in violation of Section 43 (a) of the Lanham Act 15 U.S.C. § 1125(a).

66. Upon investigation and information Defendants, have engaged and continue to engage in a willful and knowledgeable practice of false advertising with willful and intentional disregard for the truth. Based upon the above intentional wrongful acts of Defendants, SCHONBEK has incurred monetary damages in an amount presently unknown.

67. The intentional, willful, and wrongful acts of Defendants make this an exceptional case entitling SCHONBEK to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b).

68. SCHONBEK may have no adequate remedy at law in the event that monetary damages cannot be properly calculated.

69. Defendants' intentional and willful activities have caused and will continue to cause further irreparable injury to Schonbek and unless such activities are restrained by this court they will be continued and continue to cause great irreparable injury to SCHONBEK.

70. SCHONBEK is entitled to injunctive relief to prevent Defendants' continued false advertising.

## FIFTH CAUSE OF ACTION
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

71. Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 70 above, and incorporates them herein by reference.

72. In connection with Defendants' advertising, promotion, distribution, sales and offers for sale of its goods, Defendants have used in commerce, and continue to use in commerce, SCHONBEK Copyrights.

73. In connection with Defendants' advertising, promotion, distribution, sales and offers for sale of its goods, Defendants have affixed, applied and used false designations of origin and false and misleading representations which tends falsely to describe the origin, sponsorship, association or approval of SCHONBEK of the goods they sell.

74. Defendants have used SCHONBEK Copyrights with the full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of SCHONBEK.

75. Defendants, while doing business in interstate commerce, have intentionally or negligently misrepresented the source of Defendants' products to actual and potential customers of Defendants and to other third parties.

76. Defendants' wrongful conduct constitutes the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent their products as those of Schonbek in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

77. As a result of the foregoing, SCHONBEK has been damaged in an amount presently unknown.

78. SCHONBEK has no adequate remedy at law for Defendants' wrongful conduct in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the source of the SCHONBEK Copyrights, (ii) Defendants' use constitutes an interference with SCHONBEK's goodwill and reputation, and (iii) Defendants' conduct, and the

resultant damage to SCHONBEK, are continuing. An award of monetary damages alone cannot fully compensate SCHONBEK for its injuries.

79. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

80. Accordingly, SCHONBEK is entitled to injunctive relief to prevent Defendants' continued false designation of the origin of its goods.

81. SCHONBEK is also entitled to all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; costs and attorney's fees.

## SIXTH CAUSE OF ACTION
## FALSE ADVERTISING UNDER N.Y. STATUTE

82. Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 81 above.

83. Defendants' advertising and solicitations contain intentional and willful false or misleading descriptions or representations of fact regarding the nature, characteristics, qualities and/or source of its Profile Pendant.

84. Defendants' activities have caused, and continue to cause, harm and injury to consumers, and have significant ramifications for the public at large, in that Defendants' advertising and solicitations are directed to consumers and contain false and/or misleading descriptions or representations of fact regarding the nature, characteristics, qualities and/or source of its Profile Pendant.

85. Defendants' activities are intended to cause confusion and mistake, and to deceive consumers as to the properties, characteristics, and/or source of its Profile Pendant.

86. Defendants' intentional and willful activities constitute false advertising causing harm and injury to the public at large, as well as the business and goodwill of SCHONBEK, in violation of Section 350 of the General Business Law of the State of New York.

87. This cause of action is based upon the above-described intentional and willful wrongful acts of the Defendants.

88. SCHONBEK has incurred monetary damages in an amount presently unknown.

89. SCHONBEK may have no adequate remedy at law in the event that monetary damages cannot be properly calculated.

90. Defendants' intentional and willful acts have caused and are causing great irreparable injury to the public at large, as well as SCHONBEK, and unless said acts are restrained by this court they will be continued and will continue to cause great irreparable injury to the public and SCHONBEK.

91. Plaintiff is entitled to injunctive relief to prevent Defendants' continued false advertising.

## SEVENTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES UNDER N.Y. STATUTE

92. Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 91 above.

93. Defendants' advertising and solicitations contain intentional and willful false or misleading descriptions or representations of fact regarding the origins of its Portfolio Pendant.

94. In the course of its business, Defendants have wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and that cause injury to SCHONBEK and the public.

95. Defendants' activities in the advertising and sale of its products and services have caused, and continue to cause, harm and injury to consumers, and have significant ramifications for the public at large, in that Defendants' advertising and solicitations are directed to consumers and contain false and/or misleading descriptions or representations of fact regarding the nature, characteristics, qualities and/or source of its Profile Pendant.

96. Defendants' activities are intended to cause confusion and mistake, and to deceive consumers as to the nature, characteristics, qualities and/or source of its Profile Pendant.

97. Defendants' unfair deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers.

98. Defendants' intentional and willful activities constitute deceptive acts and practices causing harm and injury to the public at large, as well as SCHONBEK, in violation of Section 349 of the General Business Law of the State of New York.

99. Based upon the intentional, willful and wrongful acts of Defendants, SCHONBEK has incurred monetary damages in an amount presently unknown.

100. SCHONBEK may have no adequate remedy at law in the event monetary damages cannot be properly calculated.

101. Defendants' intentional and willful activities have caused and will continue to cause further irreparable injury to consumers, as well as SCHONBEK, and unless such activities are restrained by this court they will be continued and continue to cause great and irreparable injury to consumers and SCHONBEK.

102. Plaintiff is entitled to injunctive relief to prevent Defendants' continued deceptive acts and practices under New York law, and monetary relief including, but not limited to, compensatory damages, punitive damages, costs and attorney's fees.

# EIGHTH CAUSE OF ACTION
# UNFAIR COMPETITION - COMMON LAW

103. Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 102 above.

104. Defendants misappropriated SCHONBEK Copyrights by using the SCHONBEK images, diagrams, designs and other copyright works on or in connection with the advertising, marketing, promotion and sale of their goods and services.

105. Upon information and belief, Defendants' actions mentioned herein have been undertaken in bad faith.

106. Defendants' wrongful use of the SCHONBEK Copyrights is likely to cause confusion as to the sponsorship, affiliation or authorization by or with SCHONBEK.

107. Defendants' actions constitute unfair competition in violation of SCHONBEK's rights under the common law of the State of New York.

108. Defendants' intentional, willful and malicious acts have caused and are causing great irreparable injury to SCHONBEK and unless those acts are restrained by this court they will be continued and will continue to cause great irreparable injury to SCHONBEK.

109. SCHONBEK may not have an adequate legal remedy in the event monetary damages cannot be properly calculated.

110. Under the common law of the State of New York, SCHONBEK is entitled to injunctive relief to prevent Defendants' continuing acts of unfair competition.

111. Defendants' intentional and willful acts of unfair competition entitle SCHONBEK to recover its damages and costs of this action together with an accounting of profits made by Defendants through its actions.

112. The intentional, willful and malicious nature of Defendants' conduct entitles SCHONBEK to an award of treble damages, reasonable attorneys' fees and punitive damages against Defendants.

**DEMAND FOR JURY TRIAL**

Plaintiff SCHONBEK hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SCHONBEK prays for the entry of judgment from this Court ordering:

    a. An injunction against Defendants LHC and LCI, parent companies, subsidiaries, related companies, and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons acting in concert or privity with them, from:

        i. infringing the SCHONBEK Copyrights as provided in 17 U.S.C. §502;

        ii. Using any word, term, common name, photographs symbol or devise or any combination thereof or any false designation of origin, false or misleading description of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of Defendants' products or services, including but not limited to, any use of or reference to SCHONBEK Copyrights with respect to any advertising, marketing, website, solicitation, sale, offer of sale or other commercial or business purpose;

        iii. Unfairly competing with SCHONBEK in any manner, whatsoever;

b. A finding that the Defendants LCI and LHC have infringed the SCHONBEK Copyrights;

c. A finding that the Defendants LCI and LHC have committed false advertising under Lanham Act;

d. A finding that the Defendants LCI and LHC have committed false designation of origin and unfair competition under Lanham Act;

e. A finding that the Defendants LCI and LHC have committed false advertising and deceptive trade properties under NY Statute;

f. An award to SCHONBEK of an accounting of its damages resulting from the infringement of the SCHONBEK Copyrights by Defendants as provided in 17 U.S.C. §504(b) or, in the alternative at Plaintiff's election, awarding statutory damages, provided by 17 U.S.C. §504(c) in an amount to be set by the Court, including but not limited to, attorneys' fees and a finding that infringement was commented willfully and awarding it a sum of $150,000 for each willful infringement, as provided under 17 U.S.C. §504(c)(2), among other relief;

g. The recall and destruction of all materials within the control of Defendants, its agents or distributors which in any way infringe upon one or more the SCHONBEK Copyrights;

h. An accounting and award of Dependants' profits derived by them from any of the wrongful acts complained of herein;

i. Damages for Defendants' violation of 15 U.S.C. § 1125(a) and treble damages for willful violation of same and damages and punitive damages in connection with the State and common law Claims;

j.  An award attorney's fees, costs and interest, as a result of Defendants' unlawful and willful acts;

k.  Such other and further relief against Defendants in favor of Plaintiff SCHONBEK that this court deems just, equitable and proper.

Respectfully submitted,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

Dated: November 12, 2010

　　/s/Brett M. Hutton_____
Susan E. Farley, Esq.
Brett M. Hutton, Esq.
Alana M. Fuierer, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203-5160
Telephone: (518) 452-5600
Facsimile: (518) 452-5579

***Attorneys for Plaintiff, Schonbek Worldwide Lighting Inc.***