Susan E. Farley, Esq.
Alana M. Fuierer, Esq.
Shanna K. O'Brien, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203-5160
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579
*Attorneys for Plaintiff, Schonbek Worldwide Lighting Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCHONBEK WORLDWIDE LIGHTING INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) Civil Action No.:  8:10-CV-1377 |
| LOWE'S HOME CENTERS, INC., BEL AIR | ) (GTS/DRH) |
| LIGHTING, INC., TRANS GLOBE LIGHTING, | ) |
| INC., TRANS GLOBE IMPORTS, AND JOHN | ) |
| DOE CHINESE MANUFACTURER(S) 1-100, | ) |
| FICTITIOUS NAME(S) FOR BUSINESS | ) |
| ENTITIES UNKNOWN | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff, SCHONBEK

WORLDWIDE LIGHTING INC. ("SCHONBEK") files this Amended Complaint as of right and

in support of its Amended Complaint by and through its undersigned attorneys, alleges:

## NATURE OF THE ACTION

1.      Defendants, Lowe's Home Centers, Inc. ("Lowe's"), Bel Air Lighting, Inc. ("Bel Air") , Trans Globe Lighting, Inc. ("Trans Globe"), Trans Globe Imports (TGI) and John Doe Chinese Manufacturer(s) 1-100 have infringed and are continuing to infringe SCHONBEK'S copyrights and design patents with full knowledge that the lighting fixtures they are manufacturing, importing, distributing, offering for sale and selling are an infringement of SCHONBEK'S copyrights and patents in violation of 17 U.S.C. § 501 and 35 U.S.C. § 271.

2.      Defendants have also unlawfully used, and are continuing to use, a SCHONBEK photo of a genuine SCHONBEK lighting fixture to advertise, promote and offer for sale their own lighting fixtures.  Because Defendants' advertising and promotional materials do not depict the product they are actually selling, but rather show SCHONBEK'S product instead, Defendants' have also engaged in false advertising, false designation of origin and unfair competition in violation of the Lanham Act and New York state law.

3.      This suit seeks to redress and enjoin the willful, infringing activities of all Defendants.

## THE PARTIES

4.      Plaintiff, SCHONBEK, is a corporation organized under the laws of the State of New York having its principal place of business at 61 Industrial Boulevard, Plattsburgh, New York 12901-1908.

5.      Upon investigation and information, Defendant Lowe's Home Centers, Inc. (LHC) is a corporation organized and existing under the laws of the State of North Carolina, having offices at 1605 Curtis Bridge Road, North Wilkesboro, North Carolina 28697, and is doing business in this State and District.  LHC is a wholly owned subsidiary of Lowe's Companies Inc. (LCI).  Upon information and belief, LHC owns and operates home

-2-

improvement warehouses in this State and District that sell products that infringe Plaintiff's intellectual property asserted in this Complaint.

6.      Upon investigation and information, Defendant Bel Air Lighting, Inc. ("Bel Air") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 28104 Witherspoon Parkway, Valencia, California 91355.  Upon information and belief, Bel Air sells, distributes and promotes its lighting fixtures, including products that infringe Plaintiff's intellectual property, within this judicial district and is doing business in this State and District.

7.      Upon investigation and information, Defendant Trans Globe Lighting, Inc. ("Trans Globe") is a corporation organized and existing under the laws of the State of California, and is either a wholly owned subsidiary or d/b/a of Bel Air, having its principal place of business at 28104 Witherspoon Parkway, Valencia, California 91355.  Upon information and belief, Trans Globe sells, distributes and promotes its lighting fixtures, including products that infringe Plaintiff's intellectual property, within this judicial district and is doing business in this State and District.

8.      Upon investigation and information, Defendant Trans Globe Imports (TGI) is a corporation organized and existing under the laws of the State of California, and is either a wholly owned subsidiary or d/b/a of Bel Air, having its principal place of business at 28104 Witherspoon Parkway, Valencia, California 91355.  Upon information and belief, TGI is doing business in this State and judicial district by importing and distributing lighting fixtures, including lighting fixtures that infringe Plaintiff's intellectual property, on behalf of Bel Air and/or Trans Globe.

9.      Upon reasonable investigation and information, John Doe Chinese Manufacturer(s) 1-100 are yet to be identified foreign companies that, on information and belief,

are located in the People's Republic of China and are doing business in this State and judicial district by manufacturing and importing products, including lighting fixtures that infringe Plaintiff's intellectual property, into this State and District.  Plaintiff will amend this Complaint to show the true names and capacities of John Doe Chinese Manufacturer(s) 1-100 when the same has been ascertained.

10.     This is an action for copyright infringement arising under the copyright laws of the United States as set forth in Title 17 of the United States Code Section 501, *et seq*.

11.     This is also an action for false advertising, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. §1051, *et seq*.; and related claims for unfair and deceptive trade practices and unfair competition under New York State statutory and common law.

12.     This is also an action for patent infringement arising under the patent laws of the United States as set forth in Title 35 of the United States Code Section 271, *et seq*.

13.     This Court has jurisdiction under 28 U.S.C. §§1331, 1332, and 1338(a) and 15 U.S.C. §§1116 and with respect to certain claims, 28 U.S.C. §1367.

14.     Venue is proper in the Northern District of New York under 28 U.S.C. §§1391(b), (c), and 1400(a), (b) because the Defendants are subject to personal jurisdiction in this district, and under 28 U.S.C. §1391(d).

## BACKGROUND

15.     Plaintiff, SCHONBEK, manufactures, designs and sells lighting fixtures.

16.     SCHONBEK is one of the world's largest manufacturers of high quality crystal chandeliers and lighting fixtures.

17.     SCHONBEK's lighting fixtures are renown throughout the world for their unique characteristics.

18.     In connection with its business, SCHONBEK has developed a strong intellectual property portfolio by routinely filing for and procuring both utility and design patent protection for its lighting designs from the United States Patent and Trademark Office, and by also routinely registering the non-functional and artistic elements of its lighting fixtures with the United States Copyright Office.

*SCHONBEK's Copyrights*

*(1)   U.S. Copyright Registration No. VA 1-370-816*

19.     On May 3, 2006, U.S. Copyright Registration No. VA 1-370-816 ("the '816 registration") registered to SCHONBEK for an ornamental, sculptural design entitled "Bagatelle".  A true and correct copy of the '816 registration is attached hereto and incorporated herein as **Exhibit "A"**.

20.     The ornamental Bagatelle design contains creative, sculptural design elements original to SCHONBEK that are copyrightable subject matter under the laws of the United States.

21.     SCHONBEK sells a lighting fixture incorporating the ornamental and sculptural design elements protected by the '816 registration under the designation "Bagatelle."

*(2) U.S. Copyright Registration No. TX 6-393-539*

22.     On May 3, 2006, U.S. Copyright Registration No. TX 6-393-539 ("the '539 registration") registered to SCHONBEK for a work entitled "Bagatelle Supplement (2005)."  A true and correct copy of the '539 registration is attached hereto and incorporated herein as **Exhibit "B"**.  A true and correct copy of Schonbek's "Bagatelle Supplement (2005)" is attached hereto and incorporated herein as **Exhibit "C"**.

23.     SCHONBEK uses the copyrighted "Bagatelle Supplement (2005)", and the photographic images contained therein, to advertise, promote, offer for sale, market and sell its "Bagatelle" lighting fixtures.

### (3) U.S. Copyright Registration No. TX 6-817-161

24.     On December 20, 2007, U.S. Copyright Registration No. TX 6-817-161 ("the '161 registration") registered to SCHONBEK for a textual work entitled "Trim Diagrams for Bagatelle Nos. 1239-1241."  A true and correct copy of the '161 registration is attached hereto and incorporated herein as **Exhibit "D"**.  A true and correct copy of SCHONBEK's "Trim Diagrams for Bagatelle Nos. 1239-1241" is attached hereto and incorporated herein as **Exhibit "E"**.

25.     SCHONBEK uses the copyrighted "Trim Diagrams for Bagatelle Nos. 1239-1241" to advertise, promote, offer for sale, market and sell its "Bagatelle" lighting fixtures.

### (4) Definition of the "SCHONBEK Copyrights"

26.     Hereinafter, the '816, '539 and '161 registrations are collectively referred to as the "SCHONBEK Copyrights".

## SCHONBEK's Patents

### (1) U.S. Design Patent No. D498,325

27.     On November 9, 2004, U.S. Design Patent No. D498,325  ("the '325 Patent") issued for a design entitled "LIGHT FIXTURE", listing Roslyn Yando and Andrew Schonbek as the inventors and SCHONBEK as the assignee.  The '325 Patent was based on an application filed on January 15, 2004.  A true and correct copy of the '325 Patent is attached hereto and incorporated herein as **Exhibit "F"**.

28.     The '325 Patent was assigned from Roslyn Yando and Andrew Schonbek to SCHONBEK by means of an assignment, which was filed with the U.S. Patent and Trademark Office.

29.     The '325 Patent is directed to a design component of a lighting fixture.

30.     SCHONBEK sells a number of commercial embodiments incorporating the patented component protected by the '325 Patent under the designation "Artifact."

### (2)  U.S. Design Patent No. D498,557

31.     On November 16, 2004, U.S. Design Patent No. D498,557  ("the '557 Patent") issued for a design entitled "LIGHT FIXTURE", listing Roslyn Yando and Andrew Schonbek as the inventors and SCHONBEK as the assignee.  The '557 Patent was based on an application filed on January 15, 2004.  A true and correct copy of the '557 Patent is attached hereto and incorporated herein as **Exhibit "G"**.

32.     The '557 Patent was assigned from Roslyn Yando and Andrew Schonbek to SCHONBEK by means of an assignment, which was filed with the U.S. Patent and Trademark Office.

33.     The '557 Patent is directed to a design component of a lighting fixture.

34.     SCHONBEK sells a number of commercial embodiments incorporating the patented component protected by the '557 Patent under the designation "Artifact."

### (3)  U.S. Design Patent No. D508,584

35.     On August 16, 2005, U.S. Design Patent No. D508,584  ("the '584 Patent") issued for a design entitled "LIGHT FIXTURE", listing Roslyn Yando and Andrew Schonbek as the inventors and SCHONBEK as the assignee.  The '584 Patent was based on an application filed on September 27, 2004.  A true and correct copy of the '584 Patent is attached hereto and incorporated herein as **Exhibit "H"**.

36.    The '584 Patent was assigned from Roslyn Yando and Andrew Schonbek to SCHONBEK by means of an assignment, which was filed with the U.S. Patent and Trademark Office.

37.    The '584 Patent is directed to a design component of a lighting fixture.

38.    SCHONBEK sells a number of commercial embodiments incorporating the patented component protected by the '584 Patent under the designation "Artifact."

### (4)  U.S. Design Patent No. D518,225

39.    On March 28, 2006, U.S. Design Patent No. D518,225  ("the '225 Patent") issued for design entitled "LIGHT FIXTURE", listing Roslyn Yando and Andrew Schonbek as the inventors and SCHONBEK as the assignee.  The '225 Patent was based on an application filed on January 12, 2005.  A true and correct copy of the '225 Patent is attached hereto and incorporated herein as **Exhibit "I"**.

40.    The '225 Patent was assigned from Roslyn Yando and Andrew Schonbek to SCHONBEK by means of an assignment, which was filed with the U.S. Patent and Trademark Office.

41.    The '225 Patent is directed to a design component of a lighting fixture.

42.    SCHONBEK sells a number of commercial embodiments incorporating the patented component protected by the '225 Patent under the designation "Jasmine."

### (5) Definition of the "SCHONBEK Patents"

43.    Hereinafter, the '325, '557, '584 and '225 patents are collectively referred to as the "SCHONBEK Patents".

### *Defendants*

44.    Upon information and belief, defendants Bel Air, Trans Globe and TGI (collectively referred to as the "Bel Air/Trans Globe") import and distribute lighting fixtures

throughout the United States, including New York and this District, through defendant Lowe's and other retailers.

45.     Upon information and belief, Bel Air/Trans Globe import and distribute a certain line of lighting fixtures for and on behalf of Lowe's under the house brand "PORTFOLIO".

46.     The "PORTFOLIO" trademark is owned by and registered to LF, LLC, a wholly-owned holding company of Lowe's parent company, LCI.

47.     Lowe's advertises, distributes, sells and offers for sale the PORTFOLIO line of lighting fixtures throughout the United States.

48.     Lowe's advertises and sells its PORTFOLIO products nationally and in interstate commerce, including via the Internet from a website located at http://www.lowes.com/.

49.     Upon information and belief, www.lowes.com is registered and administered by LF, LLC, and/or one of Lowe's parent or affiliated companies, for and on behalf of Lowe's.

50.     Upon investigation and information, Bel Air/Trans Globe advertise and sell their products nationally and in interstate commerce, including via the Internet from a website administered by Bel Air and located at http://www.tglighting.com/.

51.     Upon investigation and information, Bel Air/Trans Globe do not own or operate a manufacturing facility in California or elsewhere in the United States.

52.     Upon investigation and information, Bel Air/Trans Globe import lighting products from one or more John Doe Chinese Manufacturers located in the People's Republic of China.

53.     Defendants, upon information and belief, have copied SCHONBEK's designs and sell these designs to the public.  Side-by-side comparisons of SCHONBEK's lighting fixtures and the infringing fixtures manufactured, imported, distributed and offered for sale and sold by Defendants are attached hereto as **Exhibit "J".**

54. Upon investigation and information, the Defendants are located in this State and judicial district and have transacted and continue to transact business in, and regularly have solicited and regularly continue to solicit business in this State and District.

**_Defendants' Conduct In Violation of Schonbek's Copyrights_**

55. Upon investigation and information, Defendants sold and offered for sale, publicly displayed and/or distributed lighting fixtures throughout the United States, including New York, that incorporate unauthorized copies of SCHONBEK's copyrighted non-functional design elements for the Bagatelle.  The sculptural, non-functional design elements of Defendants' lighting fixtures are identical, or at least substantially similar in appearance, to SCHONBEK'S non-functional, copyrighted sculptural designs.

56. More specifically, upon investigation and information, Defendants manufacture, import, sell and offer for sale, and distribute a lighting fixture entitled "Portfolio Mini Crystal Dumpling Pendant" and/or "Portfolio Bronze Pendant Light with Crystal Shade" (hereinafter, "PORTFOLIO Pendant") and identified as Item #263587 that incorporate the sculptural, non-functional design elements of SCHONBEK's copyrighted Bagatelle design.

57. Upon information and belief, Lowe's sells the infringing PORTFOLIO Pendant at its retail stores all over the country, including in its stores in Plattsburgh, New York, within this District.  A true and correct copy of a PORTFOLIO Pendant purchased at a Lowe's store located in Plattsburgh, New York, and its packaging, can be seen at **Exhibit "K"**.

58. Lowe's website, accessed on November 11, 2010 and again on January 28, 2011, also has offered and continues to offer the PORTFOLIO Pendant for sale.  A true and correct copy of those webpages are attached hereto as **Exhibit "L".**

59. Upon investigation and belief, some of Defendants' PORTFOLIO Pendants have a UL label registered to Defendant TGI.

60.     Upon further investigation and information, Bel Air/Trans Globe imports the PORTFOLIO Pendants from one or more John Doe Chinese Manufacturers located in the People's Republic of China.  Upon reasonable investigation, Plaintiff has not been able to further ascertain the identity of the manufacturer of the PORTFOLIO Pendants or the relationship between Trans Globe, TGI and Bel Air.

61.     The photographic image found on www.lowes.com, and used by Lowe's to market, offer for sale, sell and/or promote the PORTFOLIO Pendant is an unauthorized SCHONBEK photo of SCHONBEK's genuine Bagatelle light fixture.

62.     The photographic image found on www.lowes.com is an unauthorized copy of SCHONBEK's copyrighted Bagatelle Supplement, and is identical, or least substantially similar, to Schonbek's copyrighted work.

63.     Upon information and belief, Lowe's edited SCHONBEK's photo of a genuine SCHONBEK Bagatelle to remove any SCHONBEK-identifying information, and then used the redacted photo on its website to sell a less expensive version of its own.

64.     Neither SCHONBEK, nor anyone authorized by SCHONBEK, has at any time licensed Lowe's to reproduce, advertise, distribute, sell, exhibit or otherwise display SCHONBEK's photo of an authentic SCHONBEK Bagatelle or SCHONBEK'S copyrighted work.

65.     Defendants are not currently, nor have they ever been authorized dealers for Schonbek lighting fixtures.

66.     Defendants are not, nor have they ever been, associated, affiliated or connected with, endorsed or approved by Schonbek.

-11-

67.     The packaging for Defendants' PORTFOLIO Pendant includes a PORTFOLIO Mini Pendant Instructions insert (hereinafter, "Instruction Insert").  A true and correct copy of the Instruction Insert is attached hereto as **Exhibit "M".**

68.     The diagrams or images found in the Instruction Insert, and used by Defendants to market, offer for sale, sell and/or promote the PORTFOLIO Pendant, are SCHONBEK's diagrams or images of a genuine SCHONBEK Bagatelle light fixture.

69.     The diagrams or images found in the Instruction Insert are unauthorized copies of SCHONBEK's copyrighted 2-dimensional work entitled "Trim Diagrams for Bagatelle Nos. 1239-1241," and are identical, or least substantially similar, to Schonbek's copyrighted work.

70.     Neither SCHONBEK, nor anyone authorized by SCHONBEK, has at any time licensed Defendants to reproduce, advertise, distribute, sell, exhibit or otherwise display SCHONBEK's diagrams or images of a genuine SCHONBEK Bagatelle or SCHONBEK's copyrighted 2-dimensional work.

71.     Defendants have used SCHONBEK's photos and diagrams of an authentic SCHONBEK product to advertise, promote and/or offer for sale products that infringe SCHONBEK's copyrighted designs and that are not genuine SCHONBEK products.

72.     Upon investigation and information, Defendants have manufactured, imported, offered for sale and sold, and continue to import, market and offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the non-functional design elements, drawings and images that are subject of the SCHONBEK Copyrights.

73.     Upon further investigation and information, Defendants also have reproduced, publicly displayed, and distributed unauthorized copies of SCHONBEK's copyrighted works in its photographs and trim diagrams.

-12-

*Defendants' Conduct in Violation of Lanham Act and Other State Law Claims*

74.     Defendants have used SCHONBEK's photos and diagrams of a genuine SCHONBEK product to advertise, promote and/or offer for sale their own products.

75.     More specifically, Lowe's website uses a photographic image of a genuine SCHONBEK Bagatelle lighting fixture to falsely market, offer for sale, sell and/or promote its own cheaper version called the PORTFOLIO Pendant.

76.     Defendants also use SCHONBEK'S images or diagrams of a genuine SCHONBEK Bagatelle lighting fixture on their Instruction Insert to falsely market, offer for sale, sell and/or promote their own cheaper version called the PORTFOLIO Pendant.

77.     Defendants' use of SCHONBEK's photos and diagrams of a genuine SCHONBEK product, rather than an image of its own product, falsely represents the physical nature, characteristics, and/or qualities of the product they are offering for sale and selling and the ultimate good that is received by the customer.

78.     By intentionally using advertising, marketing and/or promotional materials that contain SCHONBEK's images or diagrams of a genuine SCHONBEK lighting fixture without authorization, Defendants unlawfully and misleadingly feature SCHONBEK's product.

79.     The use by Lowe's of SCHONBEK's photo of a genuine SCHONBEK product on its website, and the use by Defendants of SCHONBEK's diagrams or images of a genuine SCHONBEK product on their Instructions Inserts, is likely to cause consumers, the public and the trade to believe erroneously that the goods sold by them emanate or originate from SCHONBEK, or that said items are authorized, sponsored, or approved by SCHONBEK, even though they are not.

80.     By using SCHONBEK's images and diagrams of a genuine SCHONBEK product on or in connection with their goods, Defendants are trading on the goodwill and reputation of

SCHONBEK and creating the false impression that their goods are SCHONBEK's legitimate products.

81.     The acts of Defendants are likely to confuse and to deceive the public and are performed with full knowledge of SCHONBEK's rights.

82.     Upon information and belief, Defendants intentionally used SCHONBEK's images and diagrams of a genuine SCHONBEK product in order to trade on SCHONBEK's good will, reputation, success and popularity, and to increase the likelihood that the PORTFOLIO Pendant would be substituted and mistaken for the SCHONBEK Bagatelle fixture.

### *Defendants' Conduct Violating Schonbek's Patents*

83.     In 2004, SCHONBEK learned that Lowe's was offering for sale and selling a PORTFOLIO lighting fixture under the designation "Ashley Mini 4 Light Chandelier (Model number 147245)" that was a knock-off of SCHONBEK's "Artifact" lighting fixture and was covered by one or more design patents.  A true and correct copy of a photograph of Defendants' PORTFOLIO Ashley Mini 4 Light Chandelier (Model number 147245) is attached hereto as **Exhibit "N".**

84.     On December 7, 2004, SCHONBEK, through its counsel, sent Lowe's a letter demanding that it cease and desist selling the PORTFOLIO Ashley Chandelier, on grounds that it infringed several U.S. Design Patents owned by SCHONBEK, including:  U.S. Design Patent No. D498,325 (**Ex. "F"**) and U.S. Design Patent No. D498,557 (**Ex. "G"**).  This letter also informed Lowe's that SCHONBEK had another design patent application pending before the U.S. Patent and Trademark Office, now issued as U.S. Design Patent Nos. D508,584 (**Ex. "H"**).

85.     Upon information and belief, Lowe's, pursuant to an indemnity agreement, forwarded the December 7th letter to the alleged supplier of the infringing lighting fixtures, Bel Air, and informed Schonbek's counsel of the indemnification.

86.     In a letter dated February 10, 2005, Bel Air's counsel represented to counsel for

SCHONBEK that "Bel Air is willing to cease the sales of the Ashley Chandelier Item No 147245

to the extent that it appears similar to the design features claims in US Design Patent No.

498325." A true and accurate portion of this letter is reproduced below:

> is an unacceptable offer. Nonetheless, in the interest of avoiding the cost of protracted litigation,
> Bel Air is willing to cease the sale of the Ashley Chandelier Item No. 147245 to the extent that it
> appears similar to the design features claimed in U.S. Design Patent No. 498,325. Bel Air will

87.     SCHONBEK attempted to resolve the dispute with Lowe's and Bel Air without

the need for Court intervention. On March 25, 2005, however, Lowe's filed, but did not serve, a

declaratory judgment action in its home forum of North Carolina against Schonbek, captioned as

*Lowe's Companies, Inc. and Lowes Home Centers, Inc. v. Schonbek Worldwide Lighting, Inc.*

*and Bel Air Lighting, Inc.,* WDNC (05-CV-33H). Lowe's also named Bel Air as a defendant in

the North Carolina action.

88.     SCHONBEK continued its attempt to settle the dispute amicably. In a subsequent

letter dated April 22, 2005, Bel Air's counsel again represented to counsel for SCHONBEK that

… "in view of Bel Air's willingness to cease the sale of the Ashley Chandelier Item No 147245,

it appears that there is no longer any dispute between our clients." A true and accurate portion of

this letter is reproduced below:

> are no longer being sold to Lowe's. That being the case, in view of Bel Air's willingness to
> cease the sale of the Ashley Chandelier Item No. 147245, it appears that there is no longer any
> dispute between our clients, as well as with Lowe's.

89.     Counsel for Lowe's also represented that the accused products would not be sold

by Lowe's after a certain date, namely September 1, 2005.

90.     SCHONBEK did not pursue further recourse against Bel Air/Trans Globe or

Lowe's in reliance on the representations from their counsel, and Lowe's declaratory judgment

action in North Carolina was voluntarily dismissed.

91.     SCHONBEK recently learned that Bel Air/Trans Globe continued, and upon information and belief, still continue to offer for sale and sell the Ashley Chandelier Item No 147245.

92.     Upon investigation and belief, Bel Air/Trans Globe willfully and with knowledge of SCHONBEK'S rights have infringed, and continue to infringe, the SCHONBEK Patents.

93.     SCHONBEK also recently learned that Defendants manufacture, import, distribute, offer for sale and sell a PORTFOLIO lighting fixture under the designation "9100 6-Light Chandelier" (Item No 078148) and "9101 8-Light Chandelier" that are  knock-off versions of SCHONBEK's "Jasmine" fixture and are covered by one or more design patents.  A true and correct copy of a photograph of Defendants' PORTFOLIO 9100 6-Light Chandelier is attached hereto as **Exhibit "O1".** A true and correct copy of Bel Air/Trans Globe's website that shows both models for sale is attached hereto as **Exhibit "O2".**

94.     Upon information and belief, Defendants also offer a 4-light version of the Jasmine knock-off.

95.     Upon further investigation and information, Bel Air/Trans Globe import the above-named lighting fixtures, including the Jasmine and Ashley knock-off fixtures, from one or more John Doe Chinese Manufacturers located in the People's Republic of China.

96.     Defendants have been unjustly enriched by illegally using and misappropriating SCHONBEK's intellectual property for Defendants' own financial gain.  Defendants' exact number or amount of sales is unknown to SCHONBEK at present.

97.     Upon investigation and information, Defendants derive substantial revenue from goods used or consumed in the State of New York and in the Northern District of New York.

98.     Upon investigation and information, Defendants derive substantial revenue from interstate commerce.

99.     Defendants' conduct causes damage to SCHONBEK in New York and in the Northern District of New York.

100.    Defendants admit they intend to continue at least some of the conduct complained of herein and will continue such conduct unless enjoined by this Court.

101.    SCHONBEK has no adequate remedy at law.

102.    Defendants' wrongful acts will continue unless enjoined by the Court.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION VA 1-370-816

103.    Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 102 above, and incorporates them herein by reference.

104.    Defendants have infringed the '816 registration by, at least, offering for sale and/or selling lighting fixtures under the designation Portfolio Pendant, including Item #263587, as shown in **Exhibit "K",** which incorporate the 3-dimensional sculpture covered by the '816 registration in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

105.    As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

106.    Defendants' infringement of the '816 registration has been knowing and willful.

107.    Defendants' infringement of the '816 registration has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

108.    Unless enjoined by this court, Defendants will continue to infringe SCHONBEK's copyright rights causing irreparable injury.

## SECOND CAUSE OF ACTION

### INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION TX 6-393-539

109.   Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 108 above, and incorporates them herein by reference.

110.   Defendants have infringed the '539 registration by, at least, copying, reproducing, displaying, using, distributing, and exhibiting a photographic image, shown in **Exhibit "L",** which incorporates the copyrighted work or derivative thereof of the '539 registration in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

111.   As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

112.   Defendants' infringement of the '539 registration has been knowing and willful.

113.   Defendants' infringement of the '539 registration has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

114.   Unless enjoined by this court, Defendants will continue to infringe SCHONBEK's copyright rights causing irreparable injury.

## THIRD CAUSE OF ACTION

### INFRINGEMENT OF U.S. COPYRIGHT REGISTRATION TX 6-817-161

115.   Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 114 above, and incorporates them herein by reference.

116.   Defendants have infringed the '161 registration by, at least, copying, reproducing, displaying, using, distributing, and exhibiting a diagram or image, shown in **Exhibit "N",** which incorporates the copyrighted work or derivative thereof of the '161 registration in the United

States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

117.    As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

118.    Defendants' infringement of the '161 registration has been knowing and willful.

119.    Defendants' infringement of the '161 registration has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

120.    Unless enjoined by this court, Defendants will continue to infringe SCHONBEK's copyright rights causing irreparable injury.

**FOURTH CAUSE OF ACTION**

**FALSE ADVERTISING UNDER THE LANHAM ACT**

121.    Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 120 above, and incorporates them herein by reference.

122.    Defendants' advertising and solicitations contain intentional and willful false or misleading descriptions or representations of fact regarding its PORTFOLIO Pendant. Defendants' advertising contains at least one false or misleading description or representation of fact in that it uses a SCHONBEK photo of a genuine SCHONBEK Bagatelle fixture on its website to sell and offer for sale SCHONBEK's Bagatelle fixture, when such is not the case.

123.    More particularly, Defendants advertise, offer for sale, promote and market the PORTFOLIO Pendant using a photo of a genuine SCHONBEK Bagatelle lighting fixture, rather than an image of its own product, the PORTFOLIO Pendant.  The product that the customer receives is not a SCHONBEK Bagatelle fixture, as falsely represented by Lowe's website and Defendants' Instructional Insert, but rather a lower-quality, cheaper version of SCHONBEK's product that is manufactured, imported, distributed and sold by Defendants.

124.    Defendants' use of the SCHONBEK photo of a genuine SCHONBEK product misrepresents the physical nature, characteristics, and/or qualities of the PORTFOLIO Pendant it is offering for sale and selling.

125.    Defendants' use of the SCHONBEK photo of a genuine SCHONBEK product further misrepresents the physical nature, characteristics, and/or qualities of the ultimate good that is received by the customer.

126.    Defendants'  activities constitute the use in commerce of any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, false or misleading representation of fact in connection with goods or services, which in commercial advertising promotes or misrepresents the nature, characteristics, qualities or geographic origin of it's or another person's goods, services or commercial activities, in violation of Section 43 (a) of the Lanham Act 15 U.S.C. § 1125(a).

127.    Upon investigation and information Defendants, have engaged and continue to engage in a willful and knowledgeable practice of false advertising with willful and intentional disregard for the truth.  Based upon the above intentional wrongful acts of Defendants, SCHONBEK has incurred monetary damages in an amount presently unknown.

128.    The intentional, willful, and wrongful acts of Defendants make this an exceptional case entitling SCHONBEK to recover treble damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b).

129.    SCHONBEK may have no adequate remedy at law in the event that monetary damages cannot be properly calculated.

130.    Defendants' intentional and willful activities have caused and will continue to cause further irreparable injury to SCHONBEK and unless such activities are restrained by this court they will be continued and continue to cause great irreparable injury to SCHONBEK.

131.    SCHONBEK is entitled to injunctive relief to prevent Defendants' continued false advertising.

## FIFTH CAUSE OF ACTION

## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

132.    Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 131 above, and incorporates them herein by reference.

133.    In connection with Defendants' advertising, promotion, distribution, sales and offers for sale of its goods, Defendants have used in commerce, and continue to use in commerce, SCHONBEK's photo and diagrams of a genuine SCHONBEK Bagatelle fixture.

134.    Due to the widespread use and display of SCHONBEK's photo of its genuine Bagatelle fixture, (a) consumers, the public and the trade use SCHONBEK'S images to identify and refer to Schonbek's lighting fixtures, (b) the public and the trade recognize that such designations refer to a high quality lighting fixtures emanating from a single source, and (c) said images have built up secondary meaning and extensive goodwill.

135.    Based upon Schonbek's extensive advertising, sales and innovative designs, the SCHONBEK images are famous.

136.    In connection with Defendants' advertising, promotion, distribution, sales and offers for sale of its goods, Defendants have affixed, applied and used false designations of origin and false and misleading representations which tends falsely to describe the origin, sponsorship, association or approval of SCHONBEK of the goods they sell.

137.    More particularly, Defendants misrepresent the source of Defendants' product by advertising, offering for sale, promoting and marketing the PORTFOLIO Pendant using a SCHONBEK photo of a genuine SCHONBEK Bagatelle lighting fixture rather than an image of its own product.

138.    The product that the customer receives is not a genuine SCHONBEK Bagatelle fixture, as falsely designated by Lowe's on its website, but rather a knock-off, cheaper version of SCHONBEK's product that is manufactured, imported, distributed and sold by Defendants.

139.    Upon information and belief, Defendants have marketed and sold their infringing fixtures in a manner intended to create confusion regarding their origin, including copying SCHONBEK's photo of the Bagatelle fixture.

140.    Upon information and belief, Defendants actions are intended and/or operate to confuse the public, to trade upon the reputation of SCHONBEK and the famous images of SCHONBEK to attract customers for their own commercial gain.

141.    Defendants have used SCHONBEK's photo and diagrams of a genuine SCHONBEK Bagatelle fixture with the full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of SCHONBEK.

142.    Defendants, while doing business in interstate commerce, have intentionally or negligently misrepresented the source of Defendants' products to actual and potential customers of Defendants and to other third parties.

143.    Defendants' wrongful conduct constitutes the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent their products as those of SCHONBEK in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

144.    As a result of the foregoing, SCHONBEK has been damaged in an amount presently unknown.

145.    SCHONBEK has no adequate remedy at law for Defendants' wrongful conduct in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the source of the Defendants' PORTFOLIO Pendant; (ii) Defendants' use

-22-

constitutes an interference with SCHONBEK's goodwill and reputation, and (iii) Defendants'
conduct, and the resultant damage to SCHONBEK, are continuing.  An award of monetary
damages alone cannot fully compensate SCHONBEK for its injuries.

146.   The foregoing acts of infringement have been and continue to be deliberate,
willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

147.   Accordingly, SCHONBEK is entitled to injunctive relief to prevent Defendants'
continued false designation of the origin of its goods.

148.   SCHONBEK is also entitled to all other remedies available under the Lanham
Act, including, but not limited to, compensatory damages; treble damages; disgorgement of
profits; costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## FALSE ADVERTISING UNDER N.Y. STATUTE

149.   Plaintiff SCHONBEK repeats and realleges each and every allegation contained
in paragraphs 1 through 148 above.

150.   Defendants' advertising and solicitations contain intentional and willful false or
misleading descriptions or representations of fact regarding the nature, characteristics, qualities
and/or source of its PORTFOLIO Pendant.

151.   More particularly, Defendants misleadingly and falsely advertise, offer for sale,
promote and market the PORTFOLIO Pendant using a SCHONBEK photo of a genuine
SCHONBEK Bagatelle lighting fixture rather than an image of its own product, the
PORTFOLIO Pendant.  The product that the customer receives, however, is not a SCHONBEK
Bagatelle fixture, as misleadingly and falsely represented by the image on Lowe's website and
Defendants' Instructional Insert, but rather a lower-quality, cheaper version that is manufactured,
imported, distributed and sold by Defendants.

152.    Defendants' use of the SCHONBEK photo of a genuine SCHONBEK product misrepresents the physical nature, characteristics, and/or qualities of the PORTFOLIO Pendant it is offering for sale and selling.

153.    Defendants' use of the SCHONBEK photo of a genuine SCHONBEK product further misrepresents the physical nature, characteristics, and/or qualities of the ultimate good that is received by the customer.

154.    Defendants' activities have caused, and continue to cause, harm and injury to consumers, and have significant ramifications for the public at large, in that Defendants' advertising and solicitations are directed to consumers and contain false and/or misleading descriptions or representations of fact regarding the nature, characteristics, qualities and/or source of its PORTFOLIO Pendant.

155.    Defendants' activities are intended to cause confusion and mistake, and to deceive consumers as to the properties, characteristics, and/or source of its PORTFOLIO Pendant.

156.    Defendants' intentional and willful activities constitute false advertising causing harm and injury to the public at large, as well as the business and goodwill of SCHONBEK, in violation of Section 350 of the General Business Law of the State of New York.

157.    This cause of action is based upon the above-described intentional and willful wrongful acts of the Defendants.

158.    SCHONBEK has incurred monetary damages in an amount presently unknown.

159.    SCHONBEK may have no adequate remedy at law in the event that monetary damages cannot be properly calculated.

160.    Defendants' intentional and willful acts have caused and are causing great irreparable injury to the public at large, as well as SCHONBEK, and unless said acts are

restrained by this court they will be continued and will continue to cause great irreparable injury to the public and SCHONBEK.

161.    Plaintiff is entitled to injunctive relief to prevent Defendants' continued false advertising.

SEVENTH CAUSE OF ACTION

DECEPTIVE TRADE PRACTICES UNDER N.Y. STATUTE

162.    Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 161 above.

163.    In particular, Defendants advertise, offer for sale, promote and market the PORTFOLIO Pendant using a SCHONBEK photo of a genuine SCHONBEK Bagatelle lighting fixture, rather than an image of its product, the PORTFOLIO Pendant.  The product that the customer receives is not a SCHONBEK Bagatelle fixture, as falsely represented by the images and diagrams on Lowe's' website and the Instructional Insert, but rather a knock-off, cheaper version of SCHONBEK's product that is manufactured, imported, distributed and sold by Defendants.

164.    Defendants' advertising and solicitations contain intentional and willful false or misleading descriptions or representations of fact regarding the nature, characteristics, qualities and/or origins of its PORTFOLIO Pendant.

165.    In the course of their business, Defendants have wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and that cause injury to SCHONBEK and the public.

166.    Defendants' activities in the advertising and sale of its products and services have caused, and continue to cause, harm and injury to consumers, and have significant ramifications for the public at large, in that Defendants' advertising and solicitations are directed to consumers

-25-

and contain false and/or misleading descriptions or representations of fact regarding the nature, characteristics, qualities and/or source of its PORTFOLIO Pendant.

167.    Defendants' activities are intended to cause confusion and mistake, and to deceive consumers as to the nature, characteristics, qualities and/or source of its PORTFOLIO Pendant.

168.    Defendants' unfair deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers.

169.    Defendants' intentional and willful activities constitute deceptive acts and practices causing harm and injury to the public at large, as well as SCHONBEK, in violation of Section 349 of the General Business Law of the State of New York.

170.    Based upon the intentional, willful and wrongful acts of Defendants, SCHONBEK has incurred monetary damages in an amount presently unknown.

171.    SCHONBEK may have no adequate remedy at law in the event monetary damages cannot be properly calculated.

172.    Defendants' intentional and willful activities have caused and will continue to cause further irreparable injury to consumers, as well as SCHONBEK, and unless such activities are restrained by this court they will be continued and continue to cause great and irreparable injury to consumers and SCHONBEK.

173.    Plaintiff is entitled to injunctive relief to prevent Defendants' continued deceptive acts and practices under New York law, and monetary relief including, but not limited to, compensatory damages, punitive damages, costs and attorney's fees.

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION - COMMON LAW

174.    Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 173 above.

175.    Defendants misappropriated SCHONBEK's photos, images, diagrams and designs by using one or more on or in connection with the advertising, marketing, promotion and sale of their goods and services.

176.    Upon information and belief, Defendants' actions mentioned herein have been undertaken with knowledge of SCHONBEK'S rights and in bad faith.

177.    Defendants' wrongful use of the SCHONBEK's photos, images, diagrams and designs is likely to cause confusion as to the sponsorship, affiliation or authorization by or with SCHONBEK.

178.    Defendants' actions constitute unfair competition in violation of SCHONBEK's rights under the common law of the State of New York.

179.    Defendants' intentional, willful and malicious acts have caused and are causing great irreparable injury to SCHONBEK and unless those acts are restrained by this court they will be continued and will continue to cause great irreparable injury to SCHONBEK.

180.    SCHONBEK may not have an adequate legal remedy in the event monetary damages cannot be properly calculated.

181.    Under the common law of the State of New York, SCHONBEK is entitled to injunctive relief to prevent Defendants' continuing acts of unfair competition.

182.    Defendants' intentional and willful acts of unfair competition entitle SCHONBEK to recover its damages and costs of this action together with an accounting of profits made by Defendants through its actions.

183.    The intentional, willful and malicious nature of Defendants' conduct entitles SCHONBEK to an award of treble damages, reasonable attorneys' fees and punitive damages against Defendants.

## NINTH CAUSE OF ACTION

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D498,325

184.    Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 183 above.

185.    Bel Air/Trans Globe have infringed the '325 Patent by, at least, offering for sale and/or selling lighting fixtures under the designation Ashley Mini 4 Light Chandelier, including model number 147245 shown in **Exhibit "N",** covered by the claim of the '325 Patent, in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

186.    As a result of Bel Air/Trans Globe's acts, SCHONBEK has been damaged and will continue to be damaged.

187.    Bel Air/Trans Globe's infringement of the '325 Patent has been knowing and willful.

188.    Bel Air/Trans Globe's infringement of the '325 Patent has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

189.    Unless enjoined by this court, Bel Air/Trans Globe will continue to infringe Plaintiff's patent rights causing irreparable injury.

## TENTH CAUSE OF ACTION

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D508,584

190.    Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 189 above.

191.    Bel Air/Trans Globe have infringed the '584 Patent by, at least, offering for sale and/or selling lighting fixtures under the designation Ashley Mini 4 Light Chandelier, including model number 147245 shown in **Exhibit "N",** covered by the claim of the '584 Patent, in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

192.    As a result of Bel Air/Trans Globe's acts, SCHONBEK has been damaged and will continue to be damaged.

193.    Bel Air/Trans Globe's infringement of the '584 Patent has been knowing and willful.

194.    Bel Air/Trans Globe's infringement of the '584 Patent has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

195.    Unless enjoined by this court, Bel Air/Trans Globe will continue to infringe Plaintiff's patent rights causing irreparable injury.

## ELEVENTH CAUSE OF ACTION

## INFRINGEMENT OF U.S. DESIGN PATENT NO. D498,557

196.    Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 195 above.

197.    Bel Air/Trans Globe have infringed the '557 Patent by, at least, offering for sale and/or selling lighting fixtures under the designation Ashley Mini 4 Light Chandelier, including model number 147245 shown in **Exhibit "N",** covered by the claim of the '557 Patent, in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

198.    As a result of Bel Air/Trans Globe's acts, SCHONBEK has been damaged and will continue to be damaged.

199.   Bel Air/Trans Globe's infringement of the '557 Patent has been knowing and willful.

200.   Bel Air/Trans Globe's infringement of the '557 Patent has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

201.   Unless enjoined by this court, Bel Air/Trans Globe will continue to infringe Plaintiff's patent rights causing irreparable injury.

### TWELFTH CAUSE OF ACTION

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D518,225

202.   Plaintiff SCHONBEK repeats and realleges each and every allegation contained in paragraphs 1 through 201 above.

203.   Defendants have infringed the '225 Patent by, at least, offering for sale and/or selling lighting fixtures under the designation PORTFOLIO 9100 6-Light Chandelier and 9101 8-Light Chandelier as shown in **Exhibits "O1-O2",** and covered by the claim of the '225 Patent, in the United States and specifically in this Northern District of New York, and will continue such infringement unless enjoined by this Court.

204.   As a result of Defendants' acts, SCHONBEK has been damaged and will continue to be damaged.

205.   Defendants' infringement of the '225 Patent has been knowing and willful.

206.   Defendants' infringement of the '225 Patent has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

207.   Unless enjoined by this court, Defendants will continue to infringe Plaintiff's patent rights causing irreparable injury.

## DEMAND FOR JURY TRIAL

SCHONBEK hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Schonbek prays for the entry of judgment from this Court ordering:

      a.     An injunction against Defendants, parent companies, subsidiaries, related companies, and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons acting in concert or privity with them, from:

      (i)     infringing the SCHONBEK Copyrights and Patents as provided in 17 U.S.C. §502 and §283, respectively;

      (ii)     Using any word, term, common name, photograph, symbol or devise or any combination thereof or any false designation of origin, false or misleading description of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of Defendants' products or services, including but not limited to, any use of or reference to SCHONBEK's photos, diagrams, or images with respect to any advertising, marketing, website, solicitation, sale, offer of sale or other commercial or business purpose;

      (iii)     Unfairly competing with SCHONBEK in any manner, whatsoever;

      b.     A finding that the Defendants have infringed the SCHONBEK Copyrights and Patents;

c.      A finding that the Defendants have committed false advertising under Lanham Act;

d.      A finding that the Defendants have committed false designation of origin and unfair competition under Lanham Act;

e.      A finding that the Defendants have committed false advertising and deceptive trade properties under NY Statute;

f.      An award to SCHONBEK of statutory damages pursuant to 17 U.S.C. §504(c) for each and every infringement of SCHONBEK's copyrights in an amount to be set by the Court, including but not limited to, attorneys' fees and a finding that the infringement by Defendants was committed willfully and awarding it a sum of $150,000 for each willful infringement, as provided under 17 U.S.C. §504(c)(2), or in the alternative, SCHONBEK's actual damages and Defendants' profits and sales resulting from the infringement of the SCHONBEK Copyrights by Defendants as provided in 17 U.S.C. §504(b), among other relief;

g.      An award to Schonbek adequate to compensate for the infringement of the '325, '557, '584 ad '225 Patents, including an award of Defendants' profits and sales from infringement by Defendants as provided in 35 U.S.C. §289.

h.      An award to SCHONBEK for its costs in this action together with reasonable attorney's fees as provided in 35 U.S.C. §285;

i.      An award of damages adequate to compensate SCHONBEK for the wrongful acts complained of herein and an accounting and award of Dependants' profits and sales derived by them from any of the wrongful acts complained of herein;

j.      An award to Schonbek of damages from Defendants, including an accounting of Defendants' profits and sales, resulting from the false advertising, false

designation and unfair competition by Defendants, including an award to Schonbek of treble, increased or punitive damages under any statute or common law for willful violation of the same.

        k.      The recall and destruction of all materials within the control of Defendants, its agents or distributors which in any way infringe upon one or more the SCHONBEK Copyrights and Patents;

        l.      An award attorney's fees, costs and interest, as a result of Defendants' unlawful and willful acts;

        m.      Such other and further relief against Defendants in favor of Plaintiff SCHONBEK that this court deems just, equitable and proper.

Respectfully submitted,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

Dated:  January 31, 2011               /s/ Alana M. Fuierer
                                   Susan E. Farley, Esq.
                                   Alana M. Fuierer, Esq.
                                   Shanna K. O'Brien, Esq.
                                   HESLIN ROTHENBERG FARLEY & MESITI P.C.
                                   5 Columbia Circle
                                   Albany, New York 12203-5160
                                   Telephone: (518) 452-5600
                                   Facsimile:  (518) 452-5579
                                   ***Attorneys for Plaintiff, Schonbek Worldwide Lighting Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2011, I electronically filed the foregoing **First Amended Complaint** with the Clerk of the Court by using the CM/ECF system thereby serving counsel for Defendant Lowe's Home Centers, Inc. as follows:

> Lori J. Van Auken
> 200 Park Avenue
> New York, New York 10166-4193
> Telephone: (212) 294-6700
> Facsimile: (212) 294-4700
> Email: lvanauken@winston.com
> *Attorneys for Defendant*
> *Lowe's Home Centers, Inc.*

Dated:   January 31, 2011                  /s/ Alana M. Fuierer
                                                  Alana M. Fuierer, Esq.