IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SCHONBEK WORLDWIDE LIGHTING, INC.,

        Plaintiff,

   v.

LOWE'S HOME CENTERS, INC., BEL AIR
LIGHTING, INC., TRANS GLOBE LIGHTING,
INC., and TRANS GLOBE IMPORTS,

        Defendants.

Civil Action No.
8:10-CV-1377 (GTS/DEP)
(Lead Case)

---

BEL AIR LIGHTING, INC.,

        Plaintiff,

   v.

SCHONBEK WORLDWIDE LIGHTING, INC.,

        Defendant.

Civil Action No.
8:11-CV-0251 (GTS/DEP)
(Member Case)

---

ORDER

During several recent telephone conferences conducted by the court with attorneys for the various parties to these consolidated actions, discussions were held concerning a letter (the "Lowe's letter") to be provided by defendant Lowe's Home Center, Inc. ("Lowe's") to defendants

Bel Air Lighting, Inc., Trans Globe Lighting, Inc., and Trans Globe Imports (collectively, "Bel Air") in connection with a potential settlement of the actions, giving certain assurances regarding Lowe's intentions with respect to any unsold inventory of accused light fixtures.  It is contemplated that the settlement will be between Schonbek Worldwide Lighting, Inc. ("Schonbek") and Bel Air, and that Lowe's will not be a party to the settlement agreement to be executed.   It is further envisioned that once a settlement is consummated all claims against Lowe's in these consolidated actions will be discontinued, without prejudice.

    During a telephone conference held on February 2, 2012 it was reported that the Lowe's letter has now been provided to Bel Air. Specifically, a letter has been given on behalf of Lowe's and LG Sourcing, Inc., addressed to Max "Cary" Haber at Bel Air, bearing the case caption and giving the assurances suggested by the court regarding unsold inventory as a means of effectuating a final resolution of the case. Attorneys for Schonbek have been provided with a draft of the Lowe's letter, which counsel for Lowe's and Bel Air have represented contains the same language and terms as are found in the final iteration of the Lowe's letter, but have not yet seen the final signed original letter.

Based upon the many discussions held with the parties the court is of belief that resolution of the action based upon the terms that the parties have negotiated is fair and reasonable, and preferable to the alternative of litigating the claims and defenses in the actions, given the uncertainties and enormous litigation costs surrounding such a course.  This notwithstanding, the court is not in the position to force any party to agree to a material settlement term that has been proposed but not yet accepted.  The court will therefore enter the following order, which affords the parties the option of either agreeing to this last remaining term or choosing a path which will invariably result in contentious and protracted litigation.

Based upon the foregoing it is hereby

ORDERED as follows:

1)	A single copy of the signed Lowe's letter, in paper form, will be placed in an envelope prominently marked that it is to be opened only by Susan E. Farley, Esq.  That envelope shall then be forwarded, together with a copy of this order, to the clerk of the court, addressed as follows: District Court Clerk, James T. Foley, U.S. Courthouse, 445 Broadway, Room 509, Albany, New York 12207-2936.

2) Within two business days of its receipt by the court, Susan E. Farley, Esq. may review the letter at the Albany office of the district court clerk in order to satisfy herself that it is in the form contemplated by the parties. Attorney Farley shall not be provided with a copy of this letter, however, nor is she authorized to remove it from the clerk's office, until the entry of a further order by the court.

3) Within two business days of her review of the letter, Attorney Farley is directed either to send a fully executed copy of the settlement agreement of this matter to Louis Mastriani, Esq., counsel for Bel Air, via overnight, traceable carrier or, in the alternative, to notify counsel for the parties and the court that the matter is not settled.

4) In the event the matter is not settled, then within fourteen calendar days of receipt of notification of that fact, any party desiring to move for a order compelling discovery or for a protective order related to discovery shall file a letter brief and supporting documents with the court. Those documents shall include a certification that the parties have conferred in good faith regarding the matters raised, but have failed to reach agreement.

5) Within seven calendar days following the filing of any letter

motion concerning discovery, the opposing party shall file with the court a letter brief and supporting attachments in opposition to the motion.

6) Absent court permission, no reply will be permitted with regard to the matters raised in the parties' discovery related motions. Upon receipt of opposition briefs, the court will schedule an in-person hearing to address the matters raised.

7) In the event a settlement of the action is achieved at this juncture, once Schonbek has executed the settlement documents, the clerk will by separate order be directed to provide the single signed copy of the Lowe's letter to Susan E. Farley, Esq.

8) In the event the Lowe's letter is produced to Susan E. Farley, Esq., she shall maintain the letter in her files and shall not provide the letter or any copy thereof to any other individuals or entity, including though not limited to in-house and other outside counsel for Schonbek, as well as employees or representatives of Schonbek or its parent company.

9) The Lowe's letter produced to Attorney Farley may not be duplicated or in any other way copied without prior authorization of this court.

10) In the event the Lowe's letter is produced to her, Attorney

Farley is hereby directed to take all reasonable precautionary measures to insure that the letter provided to her is not disseminated in a manner inconsistent with the terms of this order, and to maintain the integrity and confidentiality of the letter unless otherwise directed by the court.

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

Dated:   February 6, 2012
         Syracuse, NY